## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## LOCAL 1367, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, AFL-CIO et al., Respondents.

### No. 22034.

United States Court of Appeals
Fifth Circuit.

Dec. 5, 1966.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Melvin J. Welles, Atty., N. L. R. B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Herman M. Levy, Attorney, N. L. R. B., for petitioner.

Warner F. Brock, Herman Wright, Houston, Tex., Mandell & Wright, Houston, Tex., for respondents.

Before TUTTLE, Chief Judge, HUTCHESON, Circuit Judge, and CHOATE, District Judge.

PER CURIAM:

The order of the National Labor Relations Board will be enforced. See Local Union No. 12, United Rubber, Cork, Linoleum & Plastic Workers of America, AFL-CIO v. National Labor Relations Board, 5th Cir., 368 F.2d 12. No. 22239, Dec., November 9, 1966.

HUTCHESON, Circuit Judge, dissenting.

CHOATE, Senior District Judge (concurring):

I concur in the decision to enforce the order of the National Labor Relations Board because of the respondent's clear failure to represent one segment of its members properly. The facts of this case show a definite breach of the union's duty to represent impartially all members, which amounts here to an unfair labor practice upon the part of the union.

However, I fully realize that here the Board is treading perilous waters by taking over the duties of unions. By far, the preferable procedure is to let individuals take ordinary steps, such as filing suit, to adjust such grievances. The reasoning in Local Union No. 12, United Rubber, Cork, Linoleum & Plastic Workers of America, AFL-CIO v. National Labor Relations Board, 5th Cir., 368 F. 2d 12, No. 22239, in my opinion tends to set a dangerous precedent, in that it puts the court in the position of approving the Board's action in telling a labor union (a private organization) how to perform its functions.

My concurrence is largely upon the basis of expediting the remedy in a case of clear fault, rather than approving the method employed, which I recognize could be most destructive of unions if carried forward to any extent by the Board.